ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
GLOBAL BUSINESS, INC.,

                Plaintiff,

    -against-

MARGARET SPELLINGS, Secretary of
United States Department of Education, in
her official capacity,

                Defendant.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-2347 (FB) (MDG)

*Appearances:*
*For the Plaintiff:*
LARRY I. GLICK, ESQ.
1305 Franklin Avenue, Suite 180
Garden City, NY 11530

LESLIE H. WIESENFELDER, ESQ.
Dow, Lohnes & Albertson LLC
1200 New Hampshire Avenue NW
Suite 800
Washington, DC 20036

*For the Defendant:*
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
By: EDWARD K. NEWMAN, ESQ.
Assistant United States Attorney
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

        Plaintiff Global Business, Inc. ("Global") sues Margaret Spelling, in her official capacity as Secretary of the United States Department of Education ("DOE"), and seeks review of DOE's decision to rescind its approval for Global to measure its programs in credit hours for the purpose of calculating federal student financial aid awards. Both Global and DOE move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons cited in open court during oral argument on October 18, 2006 and further explained below, the Court grants defendant's motion and dismisses the complaint.

**I.**

As the parties confirmed during oral argument, the relevant facts are undisputed and are all contained in the administrative record ("A.R."), which is to be considered as part of the pleadings under Federal Rule of Civil Procedure 12(c). *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1987) ("Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.").

Title IV of the Higher Education Act establishes several programs under which post-secondary students can obtain federal grants and loans to help pay for their education. *See* 20 U.S.C. §§ 1070 *et seq.* The Secretary of Education is responsible for implementing Title IV programs. *Id.* § 1070(b). An institution must apply to DOE to establish funding eligibility under Title IV, *see* 34 C.F.R. § 600.20, and must notify DOE of any substantive changes thereafter, including a request to change its method of program measurement from clock hours to credit hours, *see id.* § 600.21.

In order to be eligible for funding under Title IV, a New York institution must (1) be accredited by a nationally recognized accrediting agency, (2) be licensed by the New York State Education Department ("NYSED"), and (3) meet the minimum requirements for weeks/hours of instruction. *See id.* §§ 1085(a), 1088(a), 1094(a), 1141; 34 C.F.R. §§ 600.4, 600.5, 600.6, 668.8.

The hours of instruction requirement is effectively more demanding for institutions measuring their programs in clock hours than it is for institutions measuring in credit hours. *See* 34 C.F.R. § 688.8. If a proprietary institution like Global measures its

2

program in clock hours, that program must involve at least 600 clock hours of instruction in order to provide its students access to Title IV aid. *See id.* § 668.8(d)(1). If the same institution were authorized to measure in credit hours, its program would only have to involve 480 clock hours of instruction. *See id.* §§ 668.8(d)(1), (k), (l) (requiring 16 semester or trimester hours including 30 clock hours each, or 24 quarter hours including 20 clock hours each). Accordingly, if DOE approves an institution's request to change its method of measurement from clock hours to credit hours, that institution will be able to offer a Title IV eligible program to its students – and thereby access to Title IV funding – that involves significantly fewer hours of instruction.

## II.

Global is a not-for-profit, non-degree granting institution that provides post-secondary education (i.e., the Computerized Office Specialist Program) in New York. On September 16, 2003, Global filed an application with DOE requesting approval to change the measurement of its program from clock hours to semester credit hours. In support, Global cited an August 23, 2003 amendment to the New York education law that states:

> [A] not-for-profit registered business school, that is eligible for participation in the tuition assistance program and which has national accreditation, may, for the purpose of calculation of federal financial aid amounts only, measure students' academic progress in an approved curriculum in non-degree granting credit hours, based upon a national accrediting agency's conversion and approval of clock hours to non-degree credit hours.

N.Y. Educ. Law § 5002(4)(f) ("the 2003 amendment"). On November 4, 2003, DOE sent Global a notice approving the change, thus opening the door to Title IV aid for Global's

3

students under the regulations' less demanding requirements for credit hour institutions.

On December 9, 2003, NYSED approved Global's revised enrollment agreement listing non-degree credit hours as the primary measure of academic progress. Before approving the enrollment agreement, NYSED required Global to include the following statement: "non-degree granting credit hours offered at non-degree granting proprietary schools are NOT equivalent to credit hours offered at degree granting institutions. Any transfer of non-degree granting credit hours is at the full discretion of the institution to which the student is seeking the transfer." A.R. at 23.

On March 23, 2004, DOE wrote to NYSED asking whether New York had legally authorized Global and three other institutions to measure their programs in credit hours rather than clock hours. NYSED replied on April 2, 2004, stating that the 2003 amendment "allows the aforementioned institutions, for the purpose of calculating federal financial aid only, to allow an institution's national accrediting agency to convert an institution's clock hour programs to non-degree credit hour programs." *Id.* at 14. NYSED further stated that it "[had] elected to pursue the option for all non-degree granting proprietary schools to measure their programs in non-degree granting credit hours under certain circumstances" and that it was "presently attempting to draft regulations." *Id.* DOE sent a follow-up letter on April 21, 2004, asking again for the "legal authorization status" of Global and the other institutions "in order to determine [their] eligibility status . . . for the purposes of Title IV." *Id.* at 15. NYSED did not reply.

On April 28, 2004, Global wrote NYSED "to request [its] assurance that [Global's] current manner of operation complies with the law's provision allowing [it] to

4

measure student progress in credit hours." *Id.* at 17. NYSED replied to Global on May 5, 2004, stating:

> Your approved enrollment agreement . . . documents that the [NYSED] has approved your program in both clock hours and non-degree granting credit hours as converted by your accreditor . . . . It is my opinion that you are in compliance with New York State Education Law. Your eligibility for federal financial aid, as it relates to non-degree credit hour programs, must be determined by the U.S. Department of Education.

*Id.* at 58. Global forwarded this response to DOE on May 12, 2004.

On May 27, 2004, DOE rescinded its approval ("the rescission letter"), thereby returning Global to its prior status as a clock hour institution. With respect to the 2003 amendment, DOE stated:

> The amendment to the education law clearly states that institutions, such as Global, can measure their programs in non-degree credit hours solely for the purpose of calculating Federal financial aid. The Department cannot accept a legal authorization that is limited solely to the calculation of Title IV aid. The Department has to rely on <u>actual</u> legal authorization of an institution by the state. The Department does not consider an authorization that is limited to the calculation of Title IV aid to be acceptable.

*Id.* at 44 (emphasis in original). DOE also cited the distinction, drawn by NYSED, between non-degree credit hours and degree credit hours, concluding that "[i]t is clear that the state does not consider non-degree granting credit hours to be credit hours, and therefore, the Department will not consider them as credit hours [for the purposes of its Title IV eligibility determination]." *Id.*

On September 24, 2004, Global wrote DOE requesting a review of the decision

5

to rescind. Global claimed that DOE based its decision on an incorrect understanding of the status granted Global by NYSED, citing (1) the May 5, 2004 letter confirming that Global was approved to measure in both clock hours and non-degree granting credit hours; and (2) NYSED's periodic review of Global, including a review of Global's student transcript and course catalog, which described Global's educational program in both clock hours and non-degree granting credit hours. Global also cited 34 C.F.R. §§ 668.8(k)-(l), 668.9 for the proposition that federal regulations recognize both degree granting and non-degree granting credits hours for the purposes of Title IV.

Global wrote two more letters to DOE requesting reconsideration. In the first, Global pointed to a prior DOE decision – finding that a cosmetology school, authorized by NYSED to measure in clock hours only, was not legally authorized to provide its program in credit hours for Title IV purposes – as "further support for the position that Global in fact *is* legally authorized to provide its program in credit hours." A.R. at 60. In the second, Global advised DOE that NYSED had approved its most recent course catalog; that catalog, like the one approved in 2003, described Global's educational program in both clock hours and credit hours and the graduation requirements in credit hours only.

On February 1, 2005, DOE responded to Global stating: "The information that was provided in your submissions does not change [our] position [as explained in the rescission letter]. The Department's decision that Global must use clock hours to calculate Title IV awards and for return to Title IV purposes remains in effect." *Id.* at 87.

On April 18, 2005, Global wrote DOE again "to bring to [its] attention very recent developments that establish to a certainty that NYSED treats Global as a credit-hour

institution," *id.* at 89, including (1) NYSED approval of Global's most recent course catalog describing state tuition assistance program eligibility based on (non-degree) credits earned, and (2) agreements signed by two degree-granting institutions to accept transfer credits from Global students.

## III.

Under the Administrative Procedures Act, the Court may not set aside a final administrative decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. 706(2)(A). Where the statute or regulation being applied does not answer the precise question at issue, this standard reduces itself to the question of "whether the agency's answer is based on a permissible construction of the statute" and is reasonable. *United States v. Alaska*, 503 U.S. 569, 575 (1992) (citation omitted).

Title IV and DOE regulations do not answer the precise question of what qualifies as "<u>actual</u> legal authorization" to measure in credit hours. However, it cannot be said that the DOE's insistence on an authorization that did not limit the use of non-degree credit hours "solely for the purpose of calculating Federal financial aid" was an impermissible, unreasonable construction of Title IV eligibility. Nor did events subsequent to that determination, especially given the considerable amount of ambiguity regarding NYSED's definition of "non-degree granting credit hours," as discussed during oral argument, require DOE to change its determination.

7

## CONCLUSION

The Court grants DOE's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and dismisses the complaint.

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 20, 2006